UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY FELIX, an individual; on behalf of himself and all others similarly situated,

    Plaintiffs,

vs.

NORTHSTAR LOCATION SERVICES, LLC, a New York Limited Liability Company; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25,

    Defendants.

CASE NO.: 1:11-cv-00166-WMS

**CLASS ACTION**

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FEDERAL AND CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACTS**

**DEMAND FOR JURY TRIAL**

## I. PRELIMINARY STATEMENT

1. Plaintiff, ANTHONY FELIX ("Plaintiff" or "FELIX"), on his own behalf and on behalf of the classes he seeks to represent, brings this action for the illegal practices of the Defendant, NORTHSTAR LOCATION SERVICES, LLC ("NORTHSTAR"), who, *inter alia*, used false, deceptive, and misleading practices, and other illegal practices, in connection with its attempts to collect an alleged debt from the Plaintiff and others.

2. The Plaintiff alleges that NORTHSTAR's collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA").

3. Such collection practices include, *inter alia*:

(a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of NORTHSTAR's identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector;

    (c)    Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt;

    (d)    Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means in connection with the collection of any debt; and

    (e)    Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means to obtain information concerning a consumer.

4.    The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.    The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.    To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of

which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7. To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, 15 U.S.C. § 1692e(10); the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8. The RFDCPA regulates collection agencies and original creditors attempting to collect debts on their own behalf. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The California legislature has further determined that there is a need to ensure that debt collectors exercise their responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair

or deceptive acts or practices.

9. The Plaintiff, on behalf of himself and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, RFDCPA, and all other common law or statutory regimes.

10. This case involves money, property, or other equivalent, due or owing or alleged to be due or owing from natural persons by reason of consumer credit transactions. As such, this action arises out of "consumer debts" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## II.  PARTIES

11. FELIX is a natural person.

12. At all times relevant to this lawsuit, FELIX was a citizen of, and resided in, the City of Garden Grove, Orange County, California.

13. At all times relevant to this lawsuit, NORTHSTAR is a for-profit Limited Liability Company existing pursuant to the laws of the State of New York.

14. NORTHSTAR maintains its principal business address at 4285 Genesee Street, Town of Cheektowaga, Erie County, New York.

15. Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiff. The Plaintiff will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

16. The Plaintiff is informed and believes, and on that basis alleges, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business

entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of NORTHSTAR that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by NORTHSTAR and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

### III.  JURISDICTION & VENUE

17.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

18.  Supplemental jurisdiction for Plaintiff's state law claims arises under 28 U.S.C. § 1367.

19.  Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

20.  Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the Plaintiff's claims occurred within this federal judicial district, and because NORTHSTAR is subject to personal jurisdiction in the State of New York at the time this action is commenced.

### IV.  FACTS CONCERNING PLAINTIFF

21.  Sometime prior to December, 2010, FELIX allegedly incurred a financial obligation ("Felix Obligation").

22.  The Felix Obligation arises out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

23.  Defendants contend that FELIX defaulted on the Felix Obligation.

24. The Felix Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

25. The Felix Obligation is a "debt" as defined by Cal. Civ. Code §1788.2(d).

26. FELIX is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

27. FELIX is, at all times relevant to this complaint, a "person" as that term is defined by Cal. Civ. Code §1788.2(g).

28. FELIX is, at all times relevant to this complaint, a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

29. FELIX is informed and believes, and on that basis alleges, that sometime prior to December 2010, the Felix Obligation was either directly or through intermediate transactions assigned, placed, transferred, or sold to NORTHSTAR for collection.

30. NORTHSTAR collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

31. NORTHSTAR is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

32. NORTHSTAR is, at all times relevant to this complaint, a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

33. NORTHSTAR is, at all times relevant to this complaint, engaged in the act and/or practice of "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

34. Within the one year immediately preceding the filing of this complaint, NORTHSTAR contacted FELIX via telephone in an attempt to collect the Felix Obligation.

35. Within the one year immediately preceding the filing of this complaint, NORTHSTAR placed multiple telephone calls to FELIX and left "live" telephonic voice messages on his home telephone answering machine and cellular telephone voicemail in an attempt to collect the Felix Obligation ("Messages").

36. By way of limited example, the following is a transcription of one such "live" Message that NORTHSTAR left for FELIX on or about December 19, 2010:

> "Hi Anthony, if you could give me a call back today at 1-866-624-9825 it is very important that I either talk to you or your attorney today."

37. Each of the Messages was left by persons employed as debt collectors by NORTHSTAR in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

38. Each of the Messages was left by persons employed as debt collectors by NORTHSTAR in connection with the collection of a "debt" as defined by Cal. Civ. Code §1788.2(d).

39. Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

40. Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

41. Each of the Messages uniformly failed to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt).

42. Each of the Messages uniformly failed to provide meaningful identification of NORTHSTAR's identity as the caller.

43. At the time FELIX received the above telephonic voice messages, he did not know the identity of callers.

44. At the time FELIX received the above telephonic voice messages, he did not know that the callers were a debt collector.

45. At the time FELIX received the above telephonic voice message, he did not know that the calls concerned the collection of a debt.

46. The telephone number "1-866-624-9825 is answered by persons who are employed by NORTHSTAR as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

47. The telephone number "1-866-624-9825" is answered by persons who are employed by NORTHSTAR as "debt collectors" as that term is defined by Cal. Civ. Code §1788.2(c).

48. To date, FELIX has not received any written correspondence from NORTHSTAR.

49. The only way for Plaintiff and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by NORTHSTAR, and then provide that debt collector with personal information.

50. NORTHSTAR intended that the Messages have the effect of causing Plaintiff and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

51. Scores of federal court decisions -- including the 11th Circuit Court of Appeals and all of the Districts Courts within the State of New York and California -- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

52. At all times relevant to this action, NORTHSTAR was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

53. At all times relevant to this action, NORTHSTAR willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiff and similarly situated consumers, such as the Messages, that the call is from a debt collector.

54. Scores of federal court decisions -- including the 11th Circuit Court of Appeals and Districts Courts within the State of New York and California -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

55. At all times relevant to this action, NORTHSTAR was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

56. At all times relevant to this action, NORTHSTAR willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

57. NORTHSTAR's act of leaving the Messages for Plaintiff is conduct the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA and RFDCPA.

58. NORTHSTAR has also been named as a defendant in scores of individual and class action lawsuits across the United States, including California and New York, for its failure and refusal to disclose in its telephonic voice messages left for consumers, including the Messages, that the call is from a debt collector and for failing to provide meaningful disclosure of the caller's identity by stating its company name and the nature or purpose of the call.

59. NORTHSTAR regularly settles lawsuits and other consumer complaints across the United States, including California and New York, for its failure and refusal to disclose in its telephonic voice messages left for consumers, including the Messages, that the call is from a debt collector and for failing to provide meaningful disclosure of the caller's identity by stating its company name and the nature or purpose of the call.

60. NORTHSTAR's act of leaving the Messages for FELIX is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA and RFDCPA.

61. NORTHSTAR's act of leaving the Messages for FELIX constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA and RFDCPA.

62. The FDCPA and RFDCPA secure a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that NORTHSTAR is a debt collector in a manner understandable to the least sophisticated consumer, NORTHSTAR has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V.  POLICIES AND PRACTICES COMPLAINED OF

63. It is Defendants' policy and practice to leave telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA and RFDCPA by, *inter alia*:

(a) Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of NORTHSTAR's identity;

(b) Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt);

(c) Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector

(d) Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means in connection with the collection of any debt; and

(e) Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means to obtain information concerning a consumer.

64. On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiff, number at least in the hundreds.

## VI.  CLASS ALLEGATIONS

65. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

66. This claim is brought on behalf of a Plaintiff Class, consisting of (a) all persons, (b) with telephone numbers in the United States of America, (c) for whom Defendant left a telephonic voice message on a voicemail system or answering machine, in the form of the Messages, (d) that failed to disclose that the call was for collection purposes or that otherwise used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer (e) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the FDCPA and RFDCPA (f) during a period beginning one year prior to the filing of this initial action and ending on the date of preliminary class certification.

67. The identities of all class members are readily ascertainable from the records of NORTHSTAR and those companies and governmental entities on whose behalf it attempt to collects debts.

68. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

69. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are: whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10), and 1692e(11), and Cal. Civ. Code §§ 1788.11(b) and 1788.17.

70. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

71. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

72. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined, *supra*, is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are:

(i) Whether the Defendants' telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10), and 1692e(11); and

(ii) Whether the Defendants' telephonic voice messages, such as the Messages, violate Cal. Civ. Code §§ 1788.11(b) and 1788.17.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

73. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for NORTHSTAR, which, on information and belief, collects debts throughout the United States of America.

74. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10), and 1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA and RFDCPA would be merely incidental to that determination.

75. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

76. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to modify the definition of the proposed class and/or certify a class only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## VII.  FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

77. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

78. Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b) Placing telephone calls without providing meaningful disclosure of NORTHSTAR's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c) Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(d) Leaving telephonic voice messages for consumers, which make false, deceptive,

or misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and 1692e(10);

(e) Leaving telephonic voice messages for consumers, which make false, deceptive, or misleading representations or means to obtain information concerning a consumer in violation of 15 U.S.C. §§ 1692e and 1692e(10);

(f) Failing to disclose in its initial communication with the consumer, when that communication is oral, that NORTHSTAR is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(g) Failing to disclose in all oral communications that NORTHSTAR is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII.  SECOND CAUSE OF ACTION
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (AGAINST ALL DEFENDANTS)

79. Plaintiff re-alleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

80. Defendants violated the RFDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a) Placing telephone calls without providing meaningful disclosure of NORTHSTAR's identity as the caller in violation of Cal. Civ. Code § 1788.11(b); and

(b) Leaving telephonic voice messages for FELIX in an attempt to collect a debt, wherein the Defendants violated 15 U.S.C. §§ 1692, *et seq.*, as set forth above in

Plaintiff's First Cause of Action and is, therefore, also a violation of Cal. Civ. Code § 1788.17.

## IX.  PRAYER FOR RELIEF

81. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and in favor of the Plaintiff Class as follows:

A. **For the FIRST CAUSE OF ACTION**:

   (i) An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing FELIX and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

   (ii) An award of the maximum statutory damages for FELIX and the Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

   (iii) Declaratory relief adjudicating that NORTHSTAR's telephone messages violate the FDCPA;

   (iv) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

   (v) For such other and further relief as may be just and proper.

B. **For the SECOND CAUSE OF ACTION**:

   (i) An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing FELIX and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.

(ii) An award of the maximum statutory damages for FELIX and the Plaintiff Class pursuant to Cal. Civ. Code §1788.30(b);

(iii) Declaratory relief adjudicating that NORTHSTAR's telephone messages violate the RFDCPA;

(iv) Attorney's fees, litigation expenses, and costs pursuant to Cal. Civ. Code §1788.30(c), Cal. Code Civ. Proc. § 1021.5, and/or under the substantial benefit and common fund doctrine in an amount to be determined at trial; and

(v) For such other and further relief as may be just and proper.

## X. JURY DEMAND

Plaintiff hereby demands that this case be tried before a Jury.

DATED:   Fresh Meadows, New York
         March 23, 2011

*s/ William F. Horn*
William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
E-Mail:  bill@wfhlegal.com

Robert L. Arleo, Esq. (RA-7506)
LAW OFFICE OF ROBERT L. ARLEO
164 Sunset Park Road
Haines Falls, NY 12436
Telephone: (518) 589-5264
Facsimile:  (518) 751-1801
E-Mail:  r.arleo@verizon.net

*Attorneys for Plaintiff, Anthony Felix, and all others similarly situated*