UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY FELIX, an individual; on behalf
of himself and all others similarly situated,

                Plaintiffs,

v.

NORTHSTAR LOCATION SERVICES, LLC,      **DECISION AND ORDER**
a New York Limited Liability Company; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,                                            11-CV-00166(JJM)

                Defendants.
_____

DONNIE JO HARB, an individual; on behalf
of herself and all others similarly situated,

                Plaintiffs,

v.

NORTHSTAR LOCATION SERVICES, LLC,
a New York Limited Liability Company; and
JOHN AND JANE DOES NUMBERS 1
THROUGH 25,

                Defendants.
_____

        By Decision and Order/Order to Show Cause dated May 28, 2013 [43][1] (2013 WL 2319326), familiarity with which is presumed, I denied plaintiffs' consent motion for preliminary class certification and settlement approval [42], and directed plaintiffs' attorneys, William F. Horn and Robert L. Arleo, to show cause pursuant to Fed. R. Civ. P. ("Rule") 11(c)(3) why their

---

[1]     Bracketed references are to CM/ECF docket entries.

arguments for class certification under Rule 23(b)(2) are not sanctionable. Having considered their prompt response [44, 45], I remain somewhat troubled by their explanation. Nevertheless, I do not believe that sanctions are warranted.

## ANALYSIS

For reasons stated in my May 28 opinion, I did not believe that plaintiffs had a good faith basis for seeking class certification under Rule 23(b)(2), particularly in light of Wal–Mart Stores, Inc. v. Dukes, ___ U.S. ___, 131 S.Ct. 2541 (2011) and Hecht v. United Collection Bureau, Inc., 691 F.3d 218 (2d Cir. 2012), neither of which were cited to me in plaintiffs' consent motion.

In responding to my Order to Show Cause, counsel emphasize (and I agree) that Hecht *was* disclosed to me at the time they withdrew a previous motion for class settlement approval. Memorandum of Law in Response to Order to Show Cause [44], p. 2. However, my concern was that they did not mention, much less discuss, either Dukes or Hecht in the consent motion which I just denied. Had they done so, the flaws in their argument for Rule 23(b)(2) certification would have been readily apparent.

As the Court made clear in Dukes, "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted - the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." 131 S.Ct. at 2557. "In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize

class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." Id. (emphasis in original).

As I noted in my May 28, 2013 opinion, the settlement class as defined in the consent motion included those consumers to whom *any* type of false, deceptive, or misleading claim was made, and because the stipulated injunction proposed by the consent motion would not provide relief to all of those consumers, it could not satisfy the Dukes standard. While counsel now admit that "[u]pon further review in with 20-20 hindsight, the 'settlement class' definition could, perhaps, have been more concise", they argue that the "class claims . . . do not encompass any possible false, deceptive or misleading statement which could have been made to any consumer during a telephone conversation". Memorandum of Law in Response to Order to Show Cause [44], p. 14.

I disagree. The Stipulation of Settlement called for the release of "any and all <u>class</u> claims for damages or injunctive relief for [Northstar's] violation of 15 U.S.C. § . . . 1692e(10) . . . and any and all such claims relating to Defendant's telephone communications with customers and others, including the leaving of voice messages on telephone answering devices, arising out of state or federal law". [42-2], p. 16 (emphasis in original). 15 U.S.C. § . . . 1692e(10) prohibits "[t]he use all many false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer". Therefore, it is impossible for me to conclude that the proposed stipulated injunction would benefit each member of the settlement class, as required by Dukes for certification under Rule 23(b)(2).

Counsel next suggest that "this Court need not accept or reject a proposed class definition on a 'take it or leave it' basis. If a court determines that a proposed class description is not sufficiently definite, the court may . . . . grant class certification but modify the definition of the proposed class to provide the necessary precision or to correct other deficiencies". Memorandum of Law in Response to Order to Show Cause [44], pp. 14-15. However, none of the authorities which they cite in support of that proposition (id., p. 15) involved a settlement class, and they fail to address Ehrheart v. Verizon Wireless, 609 F.3d 590, 593 (3rd Cir.2010), cited in my May 23, 2013 opinion ([43], p. 8), holding that courts lack the authority to alter the parties' settlement agreement by modifying their definition of the settlement class.

With regard to Hecht, counsel acknowledge that the Second Circuit's conclusion that the claim for damages in Gravina v. United Collection Bureau, (E.D.N.Y. Case No. 2:09-cv-0846) outweighed the claims for injunctive relief was based, in part, on the absence of any evidence of ongoing or future risk of harm which would support an injunction for the Gravina settlement class. Memorandum of Law in Response to Order to Show Cause [44], p. 8. In attempting to distinguish Gravina from the Felix settlement class, they argue that "each example of present and future harm cited by the Second Circuit is absolutely applicable to the class members in this action". Id.

However, *none* of the factors which they now cite in support of that argument (id., pp. 8-12) were discussed in the consent motion. Therefore, when considering the consent motion, there was no reason for me to conclude that injunctive relief, even if it had been

requested in the pleadings (it was not) or available under the FDCPA (which is by no means certain),[2] would be appropriate in this case.

Counsel assert that Dukes and Hecht "are not only not adverse to the CSA [class settlement agreement] but they provide further *support* for preliminary approval of the CSA". Memorandum of Law in Response to Order to Show Cause [44], p. 4 (emphasis in original). For the reasons stated in this Decision and Order as well as in my May 28 opinion, I completely disagree. In fact, if the standard for imposition of Rule 11 sanctions were "objective unreasonableness" - as is the case when sanctions are sought by motion (In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003)) - this would be a very close call.

However, where (as here) the possibility of sanctions is raised by the court *sua sponte*, "sanctions must be reviewed with particular stringency" (id.), and "the appropriate standard is subjective bad faith". Id. at 87. While I disagree with counsel's explanation for seeking class certification under Rule 23(b)(2), I do not find that their conduct rises to the level of subjective bad faith, and therefore will not impose sanctions.

## CONCLUSION

Although I am not imposing Rule 11 sanctions upon Messrs. Horn or Arleo, they should remember that class counsel "possess, in a very real sense, fiduciary obligations to those

---

[2] "We do not here decide whether the FDCPA permits private plaintiffs to seek injunctive relief because the issue is not squarely presented, but we note that every federal appeals court to have considered the question has held that it does not." Hecht, 691 F.3d at 224, n. 1.

not before the court" (Friedman-Katz v. Lindt & Sprungli (USA), Inc., 270 F.R.D. 150, 160 (S.D.N.Y. 2010)), and conduct themselves accordingly.

A further status conference will be held on July 10, 2013 at 11:00 a.m. Counsel may participate by telephone upon advance notice to chambers.  The court will initiate the call.

**SO ORDERED**

DATED    June 24, 2013

                                                /s/ Jeremiah J. McCarthy
                                                JEREMIAH J. MCCARTHY
                                                United States Magistrate Judge